We're going to move now to case number 5, appeal 23-3219, United States v. Medrano. And we're going to begin first with argument from counsel for the appellant, Mr. Arnaez. Thank you very much. May it please the court, my name is Ivan Arnaez, I represent Elvis Medrano, the defendant. This is a case where Mr. Medrano believes a court committed error when it allowed a statement from a non-testifying declarant in the form of a text message. Mr. Medrano's contention is that the text messages were an arm length conversation concerning a drug deal as opposed to an agreement between parties that are working together to further a conspiracy. This is a case where the declarant, Mr. Marshallton, tells Mr. Medrano after Mr. Medrano says he has drugs for sale, I can get it from someone else at a better price. It is Mr. Medrano's cooperating together, he's trying to get the better end of the deal. And then negotiations come about in which, again, the parties aren't cooperating together, each is trying to outdo the other, which would infer they're not trying to further the ends of any agreement, they're simply trying to get the better aspect of a transaction, which is more in line with a one-time drug deal. Mr. Arnaez, can I clarify please? You're asking us to remand for a new trial in light of the admission of this evidence. There was a drug conviction, there was also an ammunition charge and conviction. Do you agree that even under your argument the admission of this evidence would not have impacted the ammunition charge? You don't address that in your brief. No, I do not, Your Honor. Do you agree that the ammunition charge would stand regardless? Correct. So it would go back for a new trial. If you are successful, it would go back for a new trial on the drug conviction? Correct. Okay, thank you. It doesn't even matter. You just mentioned that the text suggests a one-time deal between Medrano and Marshallton. In our circuit, does that even matter? We're not a circuit that says anything above a one-time transaction must be a conspiracy. In our circuit, you can have a buyer-seller relationship with more than one transaction. Correct. The problem is if we were to define conspiracy so broadly that a customer buying drugs from a dealer can put them into a conspiracy, then we may have drug addicts get into things they never contemplated. To get into a conspiracy, you have to contemplate working with another and entering into their conspiracy. But in this case, we have Mr. Marshallton, who's basically trying to better the deal for himself, and Mr. Medrano, who's trying to better the deal for himself, which again does not show any working together to further the goals of a conspiracy, which is let's get together and help each other sell drugs. In this case, they're actively trying to do better than the other. In addition, in this circuit, let me pull it out, we have a rule where a one-time deal itself is not enough. But you can couple that with ongoing deals, ongoing understandings, things that somewhat become standardized, ways of doing business together. In this one, all we have are two people simply trying to outdo the other so that each can walk away and do better than the other. Again, the key in this one is I can go somewhere else and get it. There are people I can get this from. And then Mr. Medrano uses some fluffery, not this good. In addition, we have the word front that is used in this one. But simply using the word front doesn't mean much unless there's other circumstantial evidence behind that word that might lead to a history of working together, wholesale dealing, agreements where we say if you give me this, I'll pay you this. Mr. Marshallton was very clear in his text where he said, I can pay this much and I can also get some good marijuana for you. He used a slang term for that, which infers here's my payment and here's the payment represented as a different sort of payment, more drugs. Now, in the text, if you read them, one person might say, well, it looks like he's saying I'll sell the drugs he gave me and then I'll pay you back with proceeds. It is Mr. Medrano's contention that the statements there were the guy gave himself his own deadline. I'm going to pay you no matter what, which means that he's going to get the source of money for what he owes him from other sources and not directly for the drugs themselves, which again would be more in a form of a drug deal between two arm's length participants. Can you address harmless error? Because even if we agree with you, the next step we have to assess is harmless error. The problem in this case is there are no wiretaps. Nowhere in the record do we hear Mr. Medrano talking to people. Everything comes in in the form of cell phone texts. Cell phone texts themselves. Well, who knows who's actually texting? This is a case where none of the packages were sent to Mr. Medrano's house. Well, you do have cooperator testimony here. Yes. And those cooperators testify about their conversations with your client in great detail. Yes. These are people who were getting the packages, arranging for the packages, doing the brunt of the heavy lifting, but they've also got agreements where it was in their best interest to put the blame on someone else or color their own testimony in the form of bias so that they can get better deals for themselves. Wouldn't Mr. Medrano's attorney below at trial have raised this with the jury? This was raised with the jury. And the jury decided the other way? Yes. But the argument at the jury below was, if you look at all this circumstantial evidence tying Mr. Medrano to this case, you still only have one piece of evidence, and that's the text. Without that text, this case would not have... What about the searches of his hotel rooms where drug paraphernalia was taken, drugs, other things? Well, I agree that is a weakness. It's twice, two separate hotels. Correct. Now, in these hotels, he wasn't the only one there. You may continue. Okay. Now, the point is, the things that were found at the hotels, strong circumstantial evidence. But again, this was the only conversation where the text was put in, where Mr. Medrano is offering dope to someone else, negotiating the price, they claim showing it to someone else, and it goes on to describe how good it is. Without that, the jury could have said, it's a circumstantial evidence case, but we don't think there is enough. Do you want to reserve the rest of your time for rebuttal? I do not, Your Honor. You may continue. Okay. All right. Thank you. So it is Mr. Medrano's contention that this text that came in was very prejudicial. It is a text of a 403 nature where they can form a view of Medrano that otherwise would not have been there but for the words themselves where he's describing a rather vulgar transaction. If that did not come in, the jury could still say, well, we don't have wiretaps, I don't hear his voice, nothing was sent to him, everything's sent to everyone else, everyone testified and told us, understand, I'm doing this so I can get the best deal possible. But I believe even common people know, and the courts know, that when bias enters a picture, a person's almost willing to shade their testimony in any way they can to get the best results. The problem is it becomes very unreliable testimony in that it would be the same type of testimony coming from a used car salesman who is putting fluffery in front of his sales pitch in order to sell a car that might blow up five miles down the road. And that's the problem in this case because all the evidence basically was very circumstantial, where fingers were pointed from people who had an interest in their own outcome, not exactly Mr. Medrano's outcome. But this text was perhaps the most direct evidence tying them to this conspiracy. Otherwise, the jury could have seen him as just another drug dealer, and that's it, outside of the conspiracy with these other people. Thank you very much, Mr. Arnaz. Thank you very much for your time. We'll now move to Mr. McGrath on behalf of the appellate. Thank you, Your Honors. May it please the Court, my name is Jason McGrath, and I represent the United States of America. We are asking the Court to affirm the District Court in this case. Before I get to the structure of my argument, I just wanted to make a quick comment on the Mr. Medrano's half of the conversation comes in under a statement of a party opponent in any event. It's the statements of Mr. Marshalltown that we're looking at as far as statements of being a co-conspirator. So, all of the statements made as far as pricing, the picture of the methamphetamine, and all the things that are in the blue boxes in the exhibit, those are from Mr. Medrano because that actually was authenticated as his phone through specific records from the phone company and other circumstantial evidence, as we can see in the records. So, that evidence in and of itself is pretty damning. It's the overall statements from Mr. Marshalltown that are really the subject of the question. And the government believes that it proved at the trial court that, by a preponderance of the evidence, that those statements were admissible under 801D2E because it met all three prongs of that evidentiary standard. The first prong is that a conspiracy existed. There was evidence throughout the trial of Mr. Medrano's involvement with several co-conspirators as far as the bringing in of drugs and the use of a postal employee to provide a safe haven for those drugs. Is there any evidence that Mr. Marshalltown was involved in this broader conspiracy? So, to answer your question, there is, in the text message themselves, that is going to be a lot of the evidence against Mr. Marshalltown. I think that's the only evidence against Mr. Marshalltown, isn't it? I didn't see anything else in the record that Mr. Marshalltown's name came up at all. His name did not come up at all. In fact, that's probably an alias. He was unindicted and he was not necessarily mentioned until the context of these text messages came up. So, is there any other evidence that he was involved in this broader conspiracy? As far as the broader conspiracy, whether he knew any of the other indicted co-conspirators, no. But, as far as being involved in a conspiracy, then I believe that there was evidence to of the conspiracy itself. You would have the drugs being shipped from California. You would have them being received by Mr. Martin and Mr. Medrano, and then those drugs would then be distributed in the various southern district of Indiana communities. And, Marshalltown can be implied, or at least inferred, from the evidence that was recovered as far as the tracking of the packages, the physical evidence from Mr. Medrano's apartments, the ammunition, the statements of the other co-conspirators, that Mr. Marshalltown was an arm of this conspiracy to receive, sell, and resell drugs into the community. But, to make sure I understand your answer to Justine Eve's question, your only evidence about Mr. Marshallton comes from this text message? We would not have known about Mr. Marshalltown at all, except for the text messages and the evidence inside of those text messages as far as him being a conspirator. But, I think the court can consider the statements themselves. There has to be independent evidence. No doubt there has to be independent evidence that a conspiracy existed and that Mr. Marshalltown was a member of that conspiracy. When I was answering Your Honor's question, I was thinking more along the lines of the evidence recovered throughout the course of the trial established, number one, that there was a conspiracy. And then, the inference can be made that Mr. Marshalltown was a member of that conspiracy, or at least an arm of that conspiracy to, I guess, dilute and distribute the drugs. And, where's your independent evidence? Is it only the statements of Medrano in that text message? Is that the independent evidence for Marshalltown being a member of the conspiracy? What's the independent evidence? I think the evidence recovered and admitted in the trial is the government's position that that would be the independent evidence of Marshalltown being involved. And then, the inference from what Mr. Medrano was communicating to him through his own statements and what ultimately the statements of Mr. Marshalltown itself, which again, can be considered in this analysis. The government's position is the independent evidence was basically throughout what was admitted during the course of the trial. And, none of that mentioned Marshalltown? Everything else in the trial, none of that? And, that's the independent evidence, the evidence that does not mention Marshalltown? Correct. And, just to address what I think your concerns are, when we're looking at the type of ruling that this was, and I don't mean to presume. I just, I think if Mr. Marshalltown was sitting in that defendant's chair and they were trying to charge him with conspiracy in this case, I don't think that would have been sufficient to get him into that conspiracy. But, as far as an evidentiary ruling on this particular narrow issue where the prongs had been met, the standards were pondered, so there's evidence. There was a reasonable basis for the judge concluding that these statements were made in furtherance of a conspiracy. I believe that there was sufficient independent evidence that the court, the district court looked at in the totality of the circumstances throughout the entirety of the case and evaluating what that evidence meant in the context of these statements. Let me ask you something else. In your brief at page 24, you, in defending the judge's evidentiary ruling, you say, look, the district court wasn't a rubber stamp on these evidentiary challenges by Mr. Medrano. At another point in time, the court considered a similar evidentiary issue and ruled in Mr. Medrano's favor. Yes. So, it sounds like you're saying, you know, we should consider that the district court did not abuse its discretion with this Marshalltown situation because in another instance in trial, the court ruled in Mr. Medrano's favor. Do you have a case where we took something like that into account when deciding an evidentiary issue? I don't have necessarily a case on point with that specific question. I believe when I was writing that and drafting it and submitting it, it was more in the context of the abuse of discretion standard as far as special deference given to the evidentiary rulings of the trial court and the abuse of standard, excuse me, the abuse of discretion standard that only when the trial judge's decision is based on erroneous conclusions of law or the record contains no evidence on which he rationally could have based that decision. And when I referenced the other exhibit, it was merely to emphasize that the judge did rationally look at these exhibits and apply the law appropriately and did not abuse discretion in admitting the Marshalltown text because the judge demonstrated that capacity in the other exhibit. So, that's merely the reference. It's not an either-or principle and I wouldn't presume to cite a case that would suggest that. It was more just to emphasize, okay, this judge looked at the evidence, decided that there was a reasonable basis that it was proven by a preponderance of the evidence that it could come through and just made the ultimate decision. I think ultimately what I would like to close on would be that in any event, this would be harmless error as the court touched on before. It is a constitutional challenge. There's a Crawford challenge here, as far as the admission of those statements. However, even constitutional errors can be harmless, particularly if the challenged evidence does not contribute to the verdict beyond a reasonable doubt. And it's the government's position that the evidence of the everything that was recovered from Mr. Medrano's hotels, all the electronic evidence as far as some tracking packages, communicating with others that were involved in the conspiracy, direct testimony from cooperators and other civilians, as well as all the paraphernalia and the tools of the trade as far as drug trafficking goes, all of this supported beyond a reasonable doubt that Mr. Medrano was guilty of conspiracy as charged in count one, as well as the ammunition count, which as Your Honor pointed out, would not be remanded for a different verdict. The admission of the Marshalltown text simply did not have the effect to sway the jury the way that the defendant has described it based on the avalanche of evidence and the totality of everything that was submitted throughout the course of a four-day trial. It was merely a drop in the bucket, as I stated in my brief, as to the overall evidence in the case. Therefore, any admission, even if it was error, which we contend it wasn't, but even if there was error, was harmless. I would see the rest of my time if there's no additional questions. Thank you. And again, we ask that the Court affirm the District Court. Thank you. Thank you, Mr. McGrath. Thank you, Mr. Arnaz. The case will be taken under advisement.